IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOAN BREW                                                                                              PLAINTIFF

V.                                                                              CIVIL ACTION NO. 2:05CV182-B-A

AIG SPECIALTY AUTO, NEW
HAMPSHIRE INDEMNITY COMPANY,
HALEY INSURANCE AGENCY, ET AL.                                                         DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Joan Brew, purchased an automobile insurance policy from defendant New Hampshire Indemnity Company ("NHIC") through her agent, defendant Haley Insurance Agency. The policy provided $50.00 in towing and labor coverage per disablement and $10,000 in property damage coverage per accident for the plaintiff's 1992 Ford Taurus. The policy was later amended to replace the original automobile with a 2000 Ford Taurus and to add Ford Motor Credit Company as a loss-payee.

On February 28, 2002, the automobile was involved in an accident. After the accident, the vehicle was towed by Little Willie's Wrecker Service to its storage yard. On April 10, 2002, Little Willie's sent a letter to Brew informing her that towing and storage charges had accrued in the amount of $765.05 and increasing in the amount of $15 per day for storage, plus taxes. The letter further provided that the automobile would be sold by auction on April 29, 2002, if the bill was not paid by April 25, 2002. The plaintiff alleges that she provided defendant Haley

Insurance Agency with a copy of the letter and was informed that "it would be taken care of and handled."

On April 29, 2002, the plaintiff received a notice that her vehicle would be sold at private sale after having been repossessed by the lien holder. The plaintiff alleges that she again notified Haley and was reassured that the matter would be handled.

On May 18, 2002, the defendant NHIC provided a check made payable to the plaintiff and Ford Motor Credit Company in the amount of $4,781.92. The complaint asserts that on the same day the plaintiff received notice from the lien holder that her vehicle had been sold for less than one-sixteenth of its value and that she owed additional monies to the lien holder. The plaintiff asserts that she again apprised Haley of the information and was reassured that the defendant would take care of the matter. At the time of the accident, the plaintiff owed Ford Motor Credit a balance of approximately $16,000.00 on her automobile. Ford Motor Credit subsequently sued the plaintiff in a collection action arising from the outstanding balance. The action remains pending.

The plaintiff filed the present action claiming, inter alia, breach of insurance contract and negligence in the Circuit Court of Coahoma County, Mississippi, on April 27, 2005. NHIC was served with process on August 26, 2005, and filed its notice of removal with this court on September 16, 2005. The plaintiff subsequently filed her motion to remand.

## Analysis

The plaintiff sets forth three arguments in support of her motion to remand. First, she asserts that the removal was defective in that Haley did not join in the removal. Second, she argues that Haley has not been fraudulently joined because the claims against it are not barred by

the statute of limitations. Third, she asserts that the doctrine of equitable estoppel bars Haley from asserting a statute of limitations defense.

The court finds the second argument meritorious. The defendant asserts that Haley has been fraudulently joined and that Haley's citizenship should not be considered in determining the existence of diversity jurisdiction because the plaintiff's claims against Haley are time-barred by Miss. Code Ann. § 15-1-49. This section provides that all actions not addressed by other statute of limitations sections shall be filed within three years after the cause of action accrued. The court agrees that this section is applicable to the plaintiff's claims against Haley and that three years is the appropriate statute of limitations. The court disagrees, however, that all the claims against Haley fall outside the statutory period.

The defendant asserts that "the entire allegedly tortious conduct [the plaintiff] claims Haley committed in her Complaint centers around Haley's handling of the April 10, 2002, letter she claims she gave Haley from Little Willie's Auto Salvage." In the alternative, the defendant argues that the plaintiff's claims against Haley accrued, at the latest, on April 25, 2002 – the latest date that Little Willie's Wrecker Service would have allowed the plaintiff to pay her bill and retrieve her vehicle. The defendant asserts that this date is the date on which the plaintiff's automobile was effectively repossessed.

These arguments disregard the fact that Haley's misrepresentations and negligence are alleged in regard to events occurring on April 29, 2002, and May 18, 2002, in addition to April 10 and April 25. The plaintiff asserts that she informed Haley that her vehicle was to be sold at a private sale and later that the automobile indeed had been sold. The plaintiff asserts that Haley assured her on both occasions that it would take care of the matters for her. Because the plaintiff

filed her complaint on April 27, 2005, any claims arising on April 29, 2002, and May 18, 2002, are within the statutory period.

To establish that a non-diverse defendant has been fraudulently joined, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). No outright fraud in the plaintiff's pleadings has been alleged in the present case; thus, the court examines only the possibility that the plaintiff would be able to establish a cause of action against Haley in state court. Because the court has rejected the defendant's argument that all claims against Haley are barred by the applicable statute of limitations and because the court finds that the plaintiff may indeed be able to establish a cause of action against Haley in state court, the court finds that Haley has not been fraudulently joined. Removal was, therefore, improper, and this case should be remanded.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well-taken and shall be granted. This cause shall be remanded to the Circuit of Coahoma County, Mississippi. A separate order in accord with this opinion shall issue this day.

This, the 29th day of September, 2006.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**